**[ECF No. 10]**

### THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF NEW JERSEY
### CAMDEN VICINAGE

| | |
|---|---|
| **KAREN IZQUIERDO**, <br><br> **Plaintiff,** <br><br> v. <br><br> **ALL SEASON SOLAR, LLC, et al.,** <br><br> **Defendants.** | **Case No. 21-5282 (JHR)(EAP)** <br><br><br> **ORDER** |

This matter having been opened to the Court on Plaintiff's Motion to Withdraw as Counsel, ECF No. 10; and this Order memorializing the reasons stated on the record; and for good cause shown:

1.     On October 3, 2022, the Court entered an Order, ECF No. 12, scheduling an in-person hearing on Plaintiff's motion to withdraw and ordering Plaintiff's counsel to serve Plaintiff Karen Izquierdo with a copy of the Court's Order and to file proof of service on the docket.

2.     On October 13, 2022, Plaintiff's counsel filed proof of service, ECF No. 13, evidencing that the Court's Order was served on Plaintiff by email and certified and priority mail by the United States Postal Service.

3.     Plaintiff did not appear for the in-person hearing on November 7, 2022.

4.     On November 7, 2022, the Court entered another Order, ECF No. 15, resetting the in-person hearing on Plaintiff's motion to withdraw to December 7, 2022, and again ordering Plaintiff's counsel to file proof of service of the Court's Order on the Plaintiff.

5.      Plaintiff's counsel filed a Certification with the Court on December 6, 2022, ECF No. 17, evidencing that the Court's Order was served on Plaintiff by certified and priority mail by the United States Postal Service.

6.      Exhibit C to the Certification contains a USPS tracking number reflecting that Plaintiff received the Priority Mail on November 10, 2022, ECF No. 17-3.

7.      The Court held a second in-person hearing on December 7, 2022, but Plaintiff did not appear.

8.      At the hearing, in support of the motion, counsel for Plaintiff stated that a "fundamental disagreement" arose with Plaintiff about how to proceed in this litigation, and that counsel had had some "limited electronic communication" with Plaintiff about the disagreement, but the issue remained unresolved.

9.      Counsel further asserted that she cannot reach Plaintiff by telephone and is unable to communicate with Plaintiff "in any substantial manner."

10.     The Court notes that Defendant does not oppose the motion.

**THEREFORE**, given Plaintiff's failure on two occasions to abide by the Court's Order and appear for a hearing before the Court, and for good cause shown;

**IT IS** this **8th** day of **December 2022**;

**ORDERED** that Plaintiff's Motion to Withdraw as Counsel, ECF No. 10, is **GRANTED**; and it is further

**ORDERED** that Plaintiff shall enter an appearance *pro se* or retain new counsel and have counsel enter an appearance on the docket within **thirty (30) days** of the date of this Order; and it is further

**ORDERED** that counsel for Plaintiff shall serve a copy of this Order on Plaintiff by first-class and certified mail and shall file proof of service on the docket.

s/ Elizabeth A. Pascal
ELIZABETH A. PASCAL
United States Magistrate Judge

cc:  Hon. Joseph H. Rodriguez, U.S.D.J.

3